UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA HOLLIMAN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No: 2:15-cv-00296-WTL-DKL |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Jason Holliman for a writ of habeas corpus must be **denied** and the action will be dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

The pleadings and the expanded record establish the following:

1.     District court review of a habeas petition presumes all factual findings of the state courts to be correct, absent clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e)(1); *Daniels v. Knight,* 476 F.3d 426, 434 (7th Cir. 2007). No showing of such a nature has been attempted here. The court therefore adopts the factual account of the Indiana Court of Appeals in Holliman's direct appeal: Holliman lived in Warrick County with Natasha Kimberling and her two children. Holliman and Kimberling argued during the day on August 10, 2003. Kimberling told Holliman that she was going to leave him. That evening, Holliman retrieved his shotgun from his gunroom. Carrying the shotgun, Holliman walked into the living room, toward the chair in

which Kimberling was sitting. Kimberling lunged forward. Holliman threw the gun up and pulled the trigger. Kimberling was shot in the head from a distance of two feet. She died. Two months later, on October 12, 2003, Holliman was charged with Kimberling's murder. At trial, a jury found him guilty of this offense and on July 20, 2004 he was sentenced to an executed term of 55 years.

2. Holliman's conviction was affirmed on appeal in *Holliman v. State,* 86A03–0501–CR–12 (Ind.Ct.App. September 12, 2005)(*Holliman I*), wherein his challenges to the sufficiency of the evidence and the failure of two jurors to disclose an indirect relationship with the prosecutor's wife were rejected. The Indiana Supreme Court denied Holliman's petition to transfer.

3. The trial court then denied Holliman's amended petition for post-conviction relief. This decision was affirmed in *Holliman v. State*, 2015 WL 2183819 (Ind.Ct.App. May 11, 2015) ("*Holliman II*"). The Indiana Supreme Court again denied Holliman's petition to transfer.

4. In *Holliman II,* Holliman argued: 1) the post-conviction court erroneously excluded evidence; 2) his trial counsel was ineffective; and 3) his appellate counsel in *Holliman I* was ineffective. In his petition to transfer, however, Holliman did not include his claim of ineffective assistance of counsel in *Holliman I.*

## II. Discussion

### A. Applicable Law

Holliman seeks relief pursuant to 28 U.S.C. § 2254(a). He asserts the same claims which were asserted in *Holliman II.*

A federal court may grant habeas relief to a petitioner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Holliman filed his habeas petition after the effective date of the Antiterrorism and

Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). AEDPA "place[s] a new constraint" on the ability of a federal court to grant habeas corpus relief to a state prisoner "with respect to claims adjudicated on the merits in state court." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). The requirements of AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings," *Uttecht v. Brown,* 555 U.S. 1, 10 (2007) (citations omitted), and reflect "the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 562 U.S. 86, 103 (2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 332 n.5 (1979)). Our Court of Appeals has explicated the standard to be applied in ruling on a petition seeking relief under this statute:

> When a state court has ruled on the merits of a habeas claim, our review is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d); *Harrington v. Richter,* 131 S. Ct. 770, 783–84, 178 L.Ed.2d 624 (2011). Under AEDPA, we may grant relief only if the state court's decision on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Plainly stated, these are demanding standards.

*Atkins v. Zenk*, 667 F.3d 939, 943-44 (7th Cir. 2012). In short, the standard of § 2254(d) is "difficult to meet . . . because it was meant to be." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013) (internal quotation marks omitted).

Under AEDPA, federal habeas courts are generally "limited to a deferential review of the reasonableness, rather than the absolute correctness, of a state court decision." *Mosley v. Atchison,* 689 F.3d 838, 844 (7th Cir. 2012) (citation omitted). Indeed, "under AEDPA, federal courts do not

independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "We ask only whether the [state court's] decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.'" *O'Quinn v. Spiller*, 806 F.3d 974, 977 (7th Cir. 2015)(quoting 28 U.S.C. § 2254(d)(1), (2)). As one court has explained, "[i]t is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone,* 967 F.Supp. 152, 156 (E.D.Va. 1997).

In addition to the foregoing substantive standard, it must be determined whether Holliman properly presented each of his habeas claims to the Indiana state courts. Insofar as pertinent here, to avoid procedural default, a petitioner must, at minimum, "invok[e] one complete round of the State's established appellate review process" for each of his claims. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see also Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015)("[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'")(quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

Procedural default, although otherwise a bar to federal habeas review, may be excused in certain circumstances. A habeas petitioner may overcome procedural default either by demonstrating cause for the default and actual prejudice from the default, or by showing that the

court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Under this cause-and-prejudice test, a cause is defined as, 'an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding.' Prejudice means, 'an error which so infected the entire trial that the resulting conviction violates due process.'" *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (internal citation omitted). The second exception, known as the fundamental miscarriage of justice exception, requires a petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### B. Representation in *Holliman I*

Holliman asserted in *Holliman II* the ineffective assistance of counsel in *Holliman I,* but did not include that claim in his petition to transfer. His failure to do so deprived the Indiana Supreme Court of the opportunity to rule on this specification of ineffective assistance of counsel. His failure to do so thus constitutes procedural default. *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004)(procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed."). Holliman has not demonstrated the existence of circumstances sufficient to overcome the consequences of this procedural default.

### C. The Post-conviction Proceeding

Holliman seeks habeas corpus relief based on his claim that the trial court committed error in the post-conviction relief proceeding by limiting the evidence Holliman could produce. This claim does not support the award of the relief Holliman seeks, however, because a state trial court's evidentiary rulings turn on state law, *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004), and "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted). "To say that a petitioner's claim is not cognizable on habeas review is . . . another way of saying that his claim 'presents no federal issue at all.'" *Perruquet,* 390 F.3d at 511 (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)).

Nor can Holliman argue that he is entitled to habeas relief based on the state post-conviction proceedings. *Quince v. Crosby,* 360 F.3d 1259, 1262 (11th Cir. 2004)("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *see also Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.)("[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"), *cert. denied,* 519 U.S. 907 (1996); *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981).

Holliman is therefore not entitled to federal habeas relief based on his claim of error in the post-conviction relief proceedings.

### D. Representation at Trial

Holliman's third claim is that he was denied the effective assistance of counsel at trial. A defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). For a petitioner to establish that "counsel's assistance was so defective as to require reversal," he must make two showings: (1) that counsel rendered deficient performance that (2) prejudiced the petitioner. *Id.* With respect to the performance requirement, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 688). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). "[T]o establish prejudice, a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id. Wiggins,* 539 U.S. at 534 (quoting *Strickland*, 466 U.S. at 694).

When the deferential AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is . . . difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," [*Strickland*] at 689, 104 S. Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles [v. Mirzayance*,] 556 U.S. [111,] 123[(2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Richter v. Harrington*, 562 U.S. 86, 105 (2011). In other words, on habeas review, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" *Knowles*, 556 U.S. at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Moreover, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id*. (citing *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

One specification of Holliman's claim of ineffective assistance of counsel at trial is that his attorney was intoxicated during the trial. At the post-conviction hearing, the evidence on this point was conflicting. The trial court weighed that evidence and concluded that Holliman's attorney had not been intoxicated during the trial. The Indiana Court of Appeals noted the trial court's finding and refused to reweigh the evidence. *Holliman II,* at *3. Holliman has not presented sufficient evidence to rebut the presumption of correctness accorded to the state courts' finding. *Julian v. Bartley*, 495 F.3d 487, 492 (7th Cir. 2007)("In assessing the reasonableness of the state court's decision, the federal court assumes that the state courts' factual determinations are correct unless the defendant rebuts them with clear and convincing evidence."). Accordingly, the state courts' resolution of the conflicting evidence as to Holliman's contention that his attorney was intoxicated during the trial is conclusive here. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). This specification of ineffective assistance of counsel rests on a specific factual predicate. The Indiana courts rejected that factual predicate. Absent that predicate, there is no plausible claim of deficient performance as to this specification of ineffective assistance of counsel.

Holliman presses other specifications of ineffective assistance of counsel at trial. These were not included in Holliman's petition to transfer to the Indiana Supreme Court from *Holliman II* and Holliman has therefore committed procedural default as to them. *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default). Apart from this default, and even if Holliman could establish circumstances justifying the Court reaching the merits of this claim, the Indiana Court of Appeals' resolution of this claim was entirely reasonable under *Strickland.*

> There are two requirements to prove trial counsel was ineffective: first, the petitioner must demonstrate trial counsel's actions fell below an objective standard of reasonableness and then he must demonstrate he was prejudiced by those actions. *McCary v. State,* 761 N.E.2d 389, 392 (Ind. 2002), *reh'g denied.* In his appellate brief, Holliman states, "The appellant has never claimed that the guilty verdict was not valid, nor is he doing it now." (Br. of Appellant at 6.) In addition, Holliman admitted to police he shot the victim. As Holliman has admitted his guilt, he cannot claim he was prejudiced by counsel's actions because the results of his trial would not have been different but for counsel's actions. *See McCary,* 761 N.E.2d at 392 (appellant must demonstrate but for counsel's errors his trial would have had a different result).

*Holliman II,* at *4.

"Under AEDPA, if the state-court decision was reasonable, it cannot be disturbed." *Hardy v. Cross*, 132 S. Ct. 490, 495(2011) (per curiam). Because the Indiana Court of Appeals' treatment of Holliman's claim of ineffective assistance of counsel at trial was reasonable, Holliman is not entitled to habeas relief as to this claim.

### III. Conclusion

This court has carefully reviewed the state record in light of Holliman's and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. This does not warrant relief in light of the deferential standard required by the AEDPA. *Harrington v. Richter*, 562 U.S. 86, 101 (2011)("A state court's determination that a claim lacks

merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.")(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *Stern v. Meisner*, 812 F.3d 606, 610 (7th Cir. 2016) ("In other words, [the habeas petitioner] must show a complete absence of reasonableness in the [state] appellate court's decision.")(citing *Harrington,* 562 U.S. at 98).

Having applied the appropriate standard of review, and having considered the pleadings and the expanded record, Holliman's petition for a writ of habeas is **denied.** Judgment consistent with this Entry shall now issue.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Holliman has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 8/24/16

Distribution:

Electronically Registered Counsel

Joshua Holliman
139406
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only